# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

    Carlton H. Schoumaker                                             Chapter 7

                                                                            Case No.: 12-45341

                                                                            Adv. Proc. No. _____

                Debtor.

_____

    Erik A. Ahlgren, Trustee,
                Plaintiff,

v.

    Carlton H. Schoumaker
                Defendant.

_____

## COMPLAINT TO AVOID AND RECOVER THE VALUE
## OF POST PETITION TRANSFERS AND TO TURNOVER NON EXEMPT PROPERTY OF THE ESTATE
_____

      The Plaintiff brings this complaint to (i) avoid post petition transfers of property of the estate and to recover the value of such property transferred for the benefit of Defendant, and (ii) to require the turnover of.

### Parties

    1.      Plaintiff is the duly appointed and acting trustee in the Debtor's bankruptcy case.

    2.      Defendant is the Debtor in the underlying bankruptcy case. For purposes of this Complaint, the Defendant may be referred to by name or as "Debtor".

## Jurisdiction and Venue

3. This adversary proceeding is brought pursuant to 11 U.S.C. §§549 and 550 and Federal Rules of Bankruptcy Procedure 7001

4. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(F). This is a core proceeding under 28 U.S.C. §157(b)(2)(F).

5. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

## Background

6. On September 17, 2012 ("the Petition date"), the Debtor filed a petition under chapter 7 of the Bankruptcy Code and was granted an order for relief.

7. The Debtor chose exemption under Section 522(b)(3) of the Bankruptcy Code, colloquially known as state exemptions.

## The Corn

8. Schedule B to the Debtor's bankruptcy petition scheduled corn valued at $17,600. On the Petition Date, the Debtor held a crop insurance claim of $29,996 plus actual corn inventory with an estimated value of $7,000, for a total value of $36,996.

9. The combined crop insurance claim and corn inventory value of $36,996 was subject to a secured claim of $17,600 held by United Minnesota Bank. The Debtor has claimed an exemption of $1.00 in the corn. The remaining $19,395 is non-exempt property of the estate under Section 541 of the Bankruptcy Code.

10. On information and belief, the Debtor has transferred or otherwise disposed of both the exempt and non-exempt portions of the combined crop insurance claim and corn inventory valued at $36,996.

11. On information and belief, the Debtor has used the $19,395 non-exempt and unsecured portions of the combined crop insurance claim and corn inventory proceeds for the benefit of the Debtor.

**The Farm Equipment**

12. Schedule B of the Debtor's bankruptcy petition also scheduled farm equipment valued at $20,000. At the creditors' meeting, the Debtor stated that he owns a 1977 International Tractor and a 1975 John Deere combine and "everything else is pretty much junk".

13. Based upon an April 22, 2010 equipment list provided by the Debtor to United Minnesota Bank, a copy of which is attached as Exhibit A, the Debtor's equipment is valued at $36,400 and includes a Melroe 642 skid loader valued at $6,400 and a 2007 Polaris 4x4 ATV valued at $5,500 which had not been disclosed by the Debtor.

14. The Debtor's farm equipment was subject to a secured claim of $16,018 held by United Minnesota Bank.

15. The Debtor has claimed an exemption of $3,982 in the farm equipment.

16. The unsecured, non-exempt value of the farm equipment is property of the estate under Section 541 of the Bankruptcy Code.

**COUNT I**
**AVOIDANCE OF UNATUHORIZED POST PETITION TRANSFERS**
**(11 U.S.C §549)**

17. The allegations set forth above are incorporated by reference as though fully set forth herein.

18. The combined crop insurance claim and corn inventory value of $36,996 was subject to a secured claim of $17,600 held by United Minnesota Bank. The Debtor has claimed an exemption of $1.00 in the corn. The remaining $19,395 is non-exempt property of the estate under Section 541 of the Bankruptcy Code.

19. The Debtor has transferred or otherwise disposed of both the exempt and non-exempt portions of the combined crop insurance claim and corn inventory valued at $36,996.

20. The Debtor has used the $19,395 non-exempt and unsecured portions of the combined crop insurance claim and corn inventory proceeds for the benefit of the Debtor.

21. The transfer of the $19,395 non-exempt and unsecured portions of the combined crop insurance claim and corn inventory proceeds was not authorized by the Bankruptcy Code or the court.

22. The transfer of the $19,395 non-exempt and unsecured portions of the combined crop insurance claim and corn inventory proceeds is avoidable under Section 549(a) of the Bankruptcy Code.

## COUNT II
### Debtor's Liability for Unauthorized Post Petition Transfers
### (11 U.S.C. §550)

23. The allegations set forth above are incorporated by reference as though fully set forth herein.

24. The post petition transfers of the $19,395 were made by the Debtor for his own benefit.

25. The value of the voidable transfers equals $19,395.

26. The Debtor's are liable to the bankruptcy estate for the value of the voidable transfers pursuant to 11 U.S.C. §550.

## COUNT III
## TURNOVER OF FARM EQUIPMENT
## (11 U.S.C. §541)

27. The allegations set forth above are incorporated by reference as though fully set forth herein.

28. The farm equipment listed on Exhibit A hereto is property of the estate (the "Farm Equipment").

29. The Trustee believes that the Farm Equipment holds a value in excess of the secured claims and the Debtor's claimed exemption.

30. The Debtor is required to turnover the Farm Equipment to the Trustee pursuant to Section 541 of the Bankruptcy Code.

**WHEREFORE,** the Trustee respectfully requests an order of judgment as follows:

a. Granting a money judgment in the amount of $19,395 against the Debtor.

b. Ordering the Debtor to turnover the Farm Equipment to the Trustee within seven days of the day hereof.

c. Such other relief as the court deems appropriate.

September 18, 2013                                AHLGREN LAW OFFICE, PLLC

/e/Erik A. Ahlgren
Erik A. Ahlgren #191814
Attorney for Plaintiff
220 W. Washington Ave. Ste 105
Fergus Falls, MN  56537
218-998-2775 (Tel)
erik@ahlgrenlaw.net

Exhibit **A**

## CARLTON H. SCHOUMAKER
## EQUIPMENT LIST
### April 22, 2010

| **Equipment** | **Value** |
|---|---|
| John Deere 4400 Combine with 4-Row Corn Head Serial #151705H | $9,500.00 |
| Allis-Chalmers 12 Ft. Disc | 1,100.00 |
| Farmall 1206 Tractor | 6,800.00 |
| Melroe 642 Skid Loader | 6,400.00 |
| International 400 Cyclo 8-Row Planter | 2,500.00 |
| Melroe 16 Ft. Grain Drill | 800.00 |
| New Holland 520 Manure Spreader | 700.00 |
| 2007 Polaris 4 x 4 ATV Serial #4XAMH50A97A944164 | 5,500.00 |
| Melroe 18 Ft. Digger | 800.00 |
| 12 Ft. ATV Mount Sprayer | 500.00 |
| John Deere 4 x 18 Ft. Plow | 1,200.00 |
| Oliver 4 x 16 Ft. Plow | 600.00 |
| Total | $36,400.00 |

*Carlton Schoumaker* (signature)